IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

FRIEND ENTERPRISES LLC,
a Delaware limited liability company,

    Plaintiff,

v.      Civil Action No. __25-1458__

BED MADE EZ, LLC (dissolved), d/b/a "Bed MadeEZ";
CKI 2712218 LLC;
RIDGE WALLET LLC;
CASTLE FIT CORPORATION;
ZLUMBER LLC,

    Defendants.

## PLAINTIFF'S MEMORANDUM OF LAW

## IN SUPPORT OF MOTION FOR TEMPORARY RESTRAINING ORDER

Plaintiff Friend Enterprises LLC ("Plaintiff") submits this Memorandum of Law in support of its Motion for a Temporary Restraining Order ("TRO") pursuant to Federal Rule of Civil Procedure 65. Immediate injunctive relief is necessary to prevent ongoing and irreparable harm caused by Defendants' improper and unsubstantiated intellectual-property complaints submitted to Amazon.com, Inc. ("Amazon"), which have resulted in the removal of Plaintiff's product listings and disruption of Plaintiff's business operations.

### I. INTRODUCTION

Defendants have weaponized Amazon's intellectual-property complaint system by filing baseless patent and IP claims that lack legal or factual support. As a direct result, Amazon has removed multiple product listings belonging to Plaintiff—ASINs B0DTGY823C, B0FJGHTP7G, B0FCPF9HRH, B0FGJYG3TY, and B0FFHDJZJ4—causing immediate and irreparable

economic and reputational harm. Because Amazon will not reinstate listings without a federal court order, Plaintiff has no adequate remedy at law and now seeks emergency injunctive relief.

## II. LEGAL STANDARD FOR TEMPORARY RESTRAINING ORDER

A temporary restraining order may issue where the movant clearly shows:

    1. A likelihood of success on the merits;

    2. A likelihood of irreparable harm absent preliminary relief;

    3. The balance of equities tips in the movant's favor; and

    4. An injunction is in the public interest.

*Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

The Third Circuit applies the same standard for TROs as for preliminary injunctions.

*Bennington Foods LLC v. St. Croix Renaissance, Group, LLP*, 528 F.3d 176, 179 (3d Cir. 2008).

## III. ARGUMENT

### A. Plaintiff Is Likely to Succeed on the Merits

Plaintiff asserts a strong likelihood of success on its declaratory judgment claims. Defendants have asserted infringement under multiple utility and design patents; however, Plaintiff's product does not practice any claim of the referenced patents. The accused products differ in structure, materials, features, and configuration.

Moreover, Defendants' complaints to Amazon were submitted without proper claim analysis, evidentiary support, or legal justification, indicating improper motives and wrongful interference. Under the Declaratory Judgment Act, Plaintiff need only show a substantial controversy of "sufficient immediacy and reality." *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007). Here, that standard is clearly met.

### B. Plaintiff Will Suffer Irreparable Harm Without a TRO

Courts routinely hold that loss of market share, damage to goodwill, erosion of marketplace standing, and inability to conduct business constitute irreparable harm. See:

- *Novartis Consumer Health, Inc. v. Johnson & Johnson-Merck Consumer Pharms. Co.*, 290 F.3d 578, 595 (3d Cir. 2002)
- *Kos Pharms., Inc. v. Andrx Corp.*, 369 F.3d 700 (3d Cir. 2004)

Amazon has already removed Plaintiff's listings, and without immediate reinstatement, Plaintiff faces:

- Permanent loss of sales
- Loss of Buy Box placement
- Algorithmic suppression
- Irreversible ranking damage
- Loss of account health
- Loss of customer base and goodwill

These harms cannot be remedied by monetary damages, especially because:

- Amazon does not reinstate listings without a court order; and
- Marketplace ranking and algorithmic position cannot be restored retroactively.

## C. The Balance of Equities Strongly Favors Plaintiff

Plaintiff faces potential shutdown of its Amazon business. Defendants, by contrast, suffer no legitimate injury from a TRO requiring them to temporarily refrain from submitting additional baseless complaints. Courts consistently find that the risk of business destruction outweighs the burden imposed on parties alleged to be improperly asserting IP rights.

## D. The Public Interest Favors Granting the TRO

The public has a compelling interest in:

- Preventing abuse of IP-reporting systems;
- Encouraging fair competition;
- Ensuring consumers have access to lawful products; and
- Maintaining integrity in e-commerce platforms.

Courts routinely grant injunctive relief to prevent misuse of enforcement mechanisms that distort marketplace competition. See *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388 (2006). Here, Defendants' conduct disrupts competitive marketplaces and harms consumers.

## IV. THE REQUESTED RELIEF IS APPROPRIATE AND NARROWLY TAILORED

Plaintiff seeks a TRO that temporarily restrains Defendants from submitting further infringement complaints to Amazon and requires Amazon to reinstate the affected listings. This relief is narrowly tailored to:

- Prevent ongoing irreparable harm; and
- Preserve the status quo pending a preliminary injunction hearing.

The requested order does not restrict Defendants from otherwise defending this action or asserting legitimate rights in court.

## V. SECURITY SHOULD BE WAIVED OR MINIMAL

Under Federal Rule of Civil Procedure 65(c), courts have discretion to require *nominal* or *no* security where the injunction poses minimal risk to the enjoined party.

Courts routinely waive bonds in intellectual-property and unfair-competition cases where:

- The movant shows strong merits; and
- The injunction simply prevents wrongful conduct.

Here, the requested TRO poses no financial risk to Defendants because they have no credible basis for their infringement assertions.

Thus, Plaintiff requests either:

- No bond, or
- A nominal bond of $100.

## VI. DETAILED FACTUAL BACKGROUND

### A. Overview of Plaintiff's Business and Affected Product Lines

Friend Enterprises LLC is a Delaware-based e-commerce retailer that sells consumer household tools and accessories, including minimalist wallets, mattress lifters, sheet grippers, and stretching straps. Plaintiff operates principally on Amazon.com. Its business viability depends on the continuous visibility and functionality of its product listings, rankings, and customer reviews. The affected ASINs include:

- B0DTGY823C — Secure Friend Carbon-Fiber Slim Wallet
- B0FJGHTP7G — Wedge Friend 2-Pack Mattress Lifter
- B0FCPF9HRH — Sheet Friend Bed Sheet Grippers
- B0FGJYG3TY / B0FFHDJZJ4 — Flex Friend Stretching Strap

All four product categories have been targeted by Defendants through Amazon IP complaints.

### B. Summary of Defendants' Conduct

Defendants—Bed Made EZ, LLC; CKI 2712218 LLC; Ridge Wallet LLC; Zlumber LLC; and Castle Fit Corporation—submitted a series of intellectual-property takedown notices to Amazon, each claiming that Plaintiff's products infringed their patents or trade dress rights. These complaints resulted in immediate automatic delisting under Amazon's internal enforcement mechanisms. Plaintiff received no prior notice, no claim charts, and no evidence supporting the alleged infringement before the removals.

### C. Amazon's Enforcement System Makes Court Intervention the Only Remedy

Amazon's internal policy requires:

- A retraction from the complainant; or
- A court order finding non-infringement; or
- A declaration that Plaintiff may resume selling.

Without a TRO or injunction, Plaintiff cannot restore its listings and is therefore functionally barred from operating its business.

## D. Exhibits A–D Demonstrate Clear Non-Infringement

Plaintiff has submitted Exhibits A–D (file citations included), which show detailed comparative analyses between Plaintiff's products and each Defendant's referenced product or patent. These exhibits demonstrate:

- Substantial differences in ornamental appearance (Exhibits A, B, C)
- Substantial structural and functional differences (Exhibits B, C, D)
- Complete absence of the patented weighted-bar configuration (Exhibit D)
- No ordinary observer could find the products substantially similar (design-patent standard)

Courts routinely consider such comparisons highly persuasive at the TRO stage. *See* Apple Inc. v. Samsung Elecs. Co., 678 F.3d 1314 (Fed. Cir. 2012).

## VII. FURTHER ANALYSIS OF LIKELIHOOD OF SUCCESS ON THE MERITS

A. Plaintiff Is Likely to Obtain a Declaratory Judgment of Non-Infringement

Under *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118 (2007), Plaintiff need only show a substantial controversy of sufficient immediacy. Here, Defendants triggered this controversy by filing marketplace takedowns that immediately harmed Plaintiff.

B. Defendants' Design Patent Allegations Fail Under the Ordinary Observer Test

Design patent infringement requires that an ordinary observer would be deceived into purchasing Plaintiff's product believing it to be Defendant's. *Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665 (Fed. Cir. 2008) (en banc).

Exhibits A–C show clear differences in:

- Shape
- Contours
- Proportions
- Ornamentation
- Logo placement
- Material finishes
- Grip structures

These differences defeat any possibility of deception. Courts routinely deny infringement claims where similar differences are present. *See* Crocs, Inc. v. Int'l Trade Comm'n, 598 F.3d 1294 (Fed. Cir. 2010).

## VIII. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant the Motion for Temporary Restraining Order and enter the Proposed Order submitted concurrently.

Respectfully submitted,
Dated: November 26, 2025

/s/ Michael A. Friend
Michael A. Friend
Friend Enterprises LLC, Pro Se
1100 Waters Edge Dr.
Newark, DE 19702
FriendEnterprises@comcast.net
(302) 285-9685